UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 03-12126 |
| | : | CHAPTER 11 |
| ERIE POWER TECHNOLOGIES, INC., | : | |
| DEBTOR | : | |
| | : | |
|    ERIE POWER TECHNOLOGIES, | : | ADVERSARY NO. 05-1285 |
|    INC., BY PASCARELLA & WIKER | : | DOCUMENT NO. 1 |
|    LLP AS PLAN ADMINISTRATOR, | : | |
|    Plaintiff | : | |
|           vs. | : | |
|    THE SHAW GROUP, INC., | : | |
|    Defendant | : | |

APPEARANCES:

KIMBERLY A. COLEMAN, ESQ., PITTSBURGH, PA, ATTORNEY FOR PLAINTIFF
MARK A. LINDSAY, ESQ., PITTSBURGH, PA, ATTORNEY FOR DEFENDANT

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

MARCH 29, 2007

OPINION

Before the Court is a Motion for Summary Judgment filed by Defendant, Shaw Group ("Shaw") on the Plaintiff's claims under § 547 and § 550 of the Bankruptcy Code for recovery of an alleged preference.[1] The Complaint seeks to recover an alleged preference in the amount of $320,000 paid to Shaw by Erie Power Technologies, Inc. ("Debtor") on June 12, 2003, within 90 days of the August 29, 2003 bankruptcy filing date (the "Petition Date").

Shaw asserts that its claim is secured by virtue of a artisan's lien that it held under South Carolina common law in goods that it processed for the Debtor and since its claim was secured in the goods, the transfer of funds from the Debtor to Shaw did not enable

---

[1] All references to Code sections are to Title 11 of the United States Code unless otherwise indicated.

Shaw to receive more than it would have received in a Chapter 7 bankruptcy case. Therefore, Shaw posits that Erie Power Technologies, Inc., by Pascarella & Wiker LLP as Plan Administrator, (the "Plaintiff") cannot satisfy § 547(b)(5) and Shaw is entitled to judgment as a matter of law.

Plaintiff posits that the South Carolina common law at issue was superceded by statute; that the statute does not apply to goods of this nature; and that even if Shaw did possess a common law lien on the goods, there are factual issues as to the value of the goods at the filing date and whether there were prior liens against the goods that would have priority over Shaw's artisan's lien.

Facts

Shaw is engaged in the steel fabrication business and has an operating facility in Laurens, South Carolina. The Debtor was a party to certain Master Agreements with Duke Energy North America, LLC ("Duke Energy") for the purchase and sale of certain heat recovery steam generators. Pursuant to the Master Agreements between Duke Energy and the Debtor, the Debtor was to design, develop and sell to Duke Energy certain heat recovery steam generators for thirteen power generator projects being undertaken by Duke Energy. Shaw and the Debtor entered into a contract (the "Contract") in which Shaw agreed to provide fabrication services on steel piping (the "Goods") in accordance with the Debtor's fabrication specification (the "Fabrication Services"). The work was related to one of the Duke Energy projects. The Goods to be fabricated were delivered to Shaw at its South Carolina facility by the Debtor and all of the fabrication services were performed in South Carolina. The entire Contract price was attributable to Fabrication Services only. Shaw did not supply any of the Goods.

2

The Contract price was originally $800,000.[2] The original Contract price was to be paid in the form of an initial down payment of $160,000, followed by four "milestone" payments. The milestone payments were to be paid when 25%, 50%, 75%, and 100% of the work by Shaw was completed. The final payment was due prior to final shipment.

The Debtor timely made the required down payment of $160,000 at the commencement of the Contract. Shaw provided Debtor an invoice for the second installment under the Contact (the "Milestone 2 Invoice") when 25% of the work was completed for the amount of $160,000 on March 12, 2003. The payment terms on the Milestone 2 Invoice were "Net 14." Shaw provided an invoice for the third installment under the Contract (the "Milestone 3 Invoice") when 50% of the work was completed for the amount of $160,000 on April 15, 2003. The payment terms on the Milestone 3 Invoice were also "Net 14." The Debtor made a payment to Shaw in the amount of $320,000 on June 12, 2003 in payment of the Milestone 2 Invoice and the Milestone 3 Invoice. The June 12, 2003 payment of $320,000 is the transfer that the Plaintiff seeks to recover in this action as a preference.

The Debtor made no payments on the contract subsequent to the June 12, 2003 payment. Shaw completed the Fabrication Services required under the Contract.

Debtor filed its voluntary Petition under Chapter 11 on October 21, 2004. The Goods remained in Shaw's possession in South Carolina until approximately 6 months after the Petition Date when, pursuant to a Stipulation between the Debtor, Shaw, Duke Energy and Piping Technologies & Products, Inc., the balance due under the Contract was paid to Shaw from certain retained funds held by Duke Energy so that Shaw would release the Goods for use in Duke Energy's project.

---

[2] The price was later increased to $882,219.20.

3

Summary Judgment Standard

Fed.R.Civ.P. 56(c) made applicable to these proceedings pursuant to Fed.R.Bankr.P. 7056, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Discussion

1.   Applicable Law.

The parties' rights in and to property in bankruptcy are determined pursuant to applicable non-bankruptcy law pertaining to the determination of such rights. Butner v. United States, 440 U.S. 48, 99 S.Ct. 914 (1979).

The Goods were delivered to Shaw by the Debtor to Shaw's fabrication facility in Laurens, South Carolina. All Fabrication Services required under the Contract were performed by Shaw at its Laurens, South Carolina facility, and the Goods remained in the possession of Shaw at its Laurens, South Carolina facility from the time the Goods were received by Shaw until said Goods were delivered to Duke Energy. Shaw's rights in the Goods must therefore be determined according to South Carolina law.

4

    2.    <u>Common Law Artisan's Lien.</u>

Under South Carolina law, a creditor has and maintains a common law lien on goods in its possession upon which the creditor has added value. <u>Welcome Home Center, Inc. v. Central Chevrolet Co., Inc.</u>, 272 S.C. 166, 249 S.E.2d 896 (S.C. 1978) <u>citing</u> <u>Clark Bros. & Co., Inc. v. Pou</u>, 20 F.2d 74 (4th Cir. 1927); <u>Bouknight v. Headden</u>, 188 S.C. 300, 199 S.E. 315 (S.C. 1938); <u>In re F.W. Poe Manufacturing Co.</u>, 96 S.C. 195, 80 S.E. 194 (S.C. 1913).

The facts of the instant matter operate to create a lien in favor of Shaw. Shaw maintained possession of the Goods at all relevant times and did not relinquish possession until it was paid in full approximately 6 months after the Petition Date. Shaw added value to the Goods by performing services upon them. Shaw was not paid in full and, therefore, had the right to retain the Goods until it was paid. Shaw's common law artisan's lien has priority over any other liens in the Goods. <u>S.C. Code Ann.</u>, § 36-9-333 (1976).

The Goods had a value at least equal to the value of the Fabrication Services provided by Shaw which the Debtor agreed by contract was the Initial Contract price of $800,000. The value of the Goods was further evidenced by the terms of the Stipulation where it was agreed between the Debtor, Shaw, and Duke Energy that the full Contract Price was due Shaw for the Goods. Because Shaw, by virtue of its common law lien, had a secured interest in the Goods, the $320,000 transfer at issue did not enable Shaw to receive more that it would have received in a Chapter 7 bankruptcy. <u>See</u> <u>In re Tower Air, Inc.</u>, 319 B.R. 88 (Bankr. D.DE 2004); <u>In re Lott</u>, 196 B.R. 768 (Bankr. W.D. MI 1996); and <u>In re Evans Temple Church v. Carnegie Auto Body</u>, 55 B.R. 976 (Bankr. N.D. OH 1986).

5

Accordingly, Plaintiff cannot prove an essential element of § 547(b) and its preference claim must fail.[3]  An appropriate Order will be entered.

/s/ Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge

c:     Kimberly A. Coleman, Esq.
       Mark A. Lindsay, Esq.

---

[3] § 547(b) of the Bankruptcy Code provides, in pertinent part, that:  Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property –
    (1)  to or for the benefit of a creditor;
    (2)  for or on account of an antecedent debt;
    (3)  made wile the debtor was insolvent;
    (4)  made on or within 90 days before the date of the filing of the petition;
    (5)  that enables the creditor to receive more than it would receive if –
         (A)  the case were a case under chapter 7 of this title;
         (B)  the transfer had not been made; and
         (C)  such creditor received payment of such debt to the extent provided by the provisions of this title.
11 U.S.C. § 547(b).

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 03-12126 |
| | : | CHAPTER 11 |
| ERIE POWER TECHNOLOGIES, INC., | : | |
| DEBTOR | : | |
| | : | |
| ERIE POWER TECHNOLOGIES, | : | ADVERSARY NO. 05-1285 |
| INC., BY PASCARELLA & WIKER | : | DOCUMENT NO. 1 |
| LLP AS PLAN ADMINISTRATOR, | : | |
| Plaintiff | : | |
| vs. | : | |
| THE SHAW GROUP, INC., | : | |
| Defendant | : | |

## ORDER

This 29 day of March, 2007, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED that the Motion for Summary Judgment filed by the Shaw Group, Inc. is GRANTED and the Complaint filed by Erie Power Technologies, Inc., by Pascarella & Wiker, LLP, LLP, Plan Administrator, is DISMISSED.

    /s/ Warren W. Bentz
    Warren W. Bentz
    United States Bankruptcy Judge